UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DEBORAH ANN HILL,

               Plaintiff,

   -against-

                                  **MEMORANDUM AND ORDER**

CAROLYN W. COLVIN,                12-CV-02880 (FB)
Acting Commissioner of Social Security,

               Defendant.
-----------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                              *For the Defendant:*
MAX D. LEIFER                               ROBERT L. CAPERS, ESQ.
214 Sullivan Street, Suite 3-C          United States Attorney
New York, NY 10012                     CANDICE SCOTT APPLETON, ESQ.
                                                    Assistant United States Attorney
                                                    Eastern District of New York
                                                    271 Cadman Plaza East
                                                    Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       On June 8, 2012, Deborah Ann Hill brought this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the denial of her application for disability insurance benefits. During the course of the litigation, the Commissioner identified Hill as a class member eligible for relief under the terms of the settlement agreement in *Padro v. Astrue*, No. 11-cv-1788 (CBA) ("*Padro* Settlement"). As a result, on May 22, 2014, the parties filed a stipulation dismissing the lawsuit pursuant to Federal Rule of Civil Procedure 41(a), so that Hill could pursue

relief before a new administrative law judge pursuant to the class settlement.

Upon rehearing, Hill was found disabled and awarded benefits. Hill now moves for attorneys' fees pursuant to 42 U.S.C § 406(b), based on the work performed in the federal court action prior to the withdrawal. The Commissioner opposes the motion on the grounds that there is no "judgment favorable" to Hill under § 406(b). For the reasons that follow, the Court agrees with the Commissioner and denies Hill's motion.

## II.

On October 20, 2008, Hill applied for disability insurance benefits, alleging that she was disabled as a result of back injuries and hypertension. After her initial application was denied, Administrative Law Judge ("ALJ") Hazel C. Strauss conducted a hearing and also denied her claim. On May 22, 2012, the Appeals Council denied her request for review, rendering final the Commissioner's decision to deny benefits.

On May 3, 2013, Judge Amon preliminarily approved a settlement in *Padro v. Astrue*, a class-action lawsuit alleging that five ALJs in Queens, New York – a group that included ALJ Strauss– routinely and systematically mishandled cases and denied legitimate claims for disability benefits. Compl. at ¶ 9, *Padro v. Astrue*, No. 11-cv-1788 (CBA) (E.D.N.Y. Apr. 12, 2011). On September 26, 2013, Hill filed an unopposed motion to stay her proceedings, pending the outcome of the *Padro* matter.

On October 18, 2013, Judge Amon approved the *Padro* Settlement. *See Padro*,

No. 11-cv-1788 (CBA), 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013). Under the terms of the settlement, the Commissioner agreed to readjudicate unfavorable or partially favorable decisions issued by the five named ALJs after January 1, 2008, and to monitor all decisions by the named ALJs for thirty months following the settlement. *See* Settlement Agreement § III, *Padro v. Astrue*, No. 11-cv-1788, Docket Entry No. 112 (Jan. 11, 2013).

Pursuant to the notice requirements of the settlement, ODAR[1] sent Hill a letter in February 2014 informing her that she may be eligible for relief under *Padro*, and enclosed a form for her to return if she wanted a new hearing. *See* ECF No. 22. As such, the parties requested an extension of this Court's stay while ODAR processed Hill's request for a new hearing. *Id.*

On May 22, 2014, the parties submitted a Stipulation and Order dismissing the lawsuit pursuant to Federal Rule of Civil Procedure 41(a). *See* ECF No. 23. The stipulation provided that "plaintiff has requested relief pursuant to the terms of [the *Padro*] Settlement Agreement, and the requested relief will provide readjudication of the claim that is subject to this action." *Id.*

### III.

---

[1] "ODAR" refers to the Office of Disability Adjudication and Review.

The Social Security Act provides for payment of attorneys' fees, out of the plaintiff's award of past benefits due, where an attorney successfully represents a disability plaintiff in the federal courts. *See* 42 U.S.C §406(b). In particular, the statute provides that "whenever a court renders a *judgment favorable* to a claimant . . .who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation. . . ." *Id.* (emphasis supplied). The threshold requirement is that the court render "a judgment favorable to the claimant."

As the Ninth Circuit has explained, a § 406(b) award is akin to a contingency fee: "an attorney gets nothing unless a court renders a 'favorable judgment' and a claimant is awarded past-due benefits 'by reason of' that judgment." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012) (citing § 406(b)(1)(A)). Those criteria must be met before a court may award attorneys' fees. The *Parrish* court explained that " the statutory language of § 406(b) imposes 'only one limitation on the sort of work that is compensable: it must be representation of the claimant *before the federal court*.'" *Id.* (emphasis in the original).

In *Paul v. Colvin*, No. 13-CV-5082, this Court faced an analogous request for fees pursuant to 28 U.S.C. § 2412(d)(A), the Equal Access to Justice Act ("EAJA"). *See* 2014 WL 7338920, at * 1 (E.D.N.Y. Dec 23, 2014). In 2013, Rachealle Paul filed in federal court for a review of the denial of her disability benefits. In 2014, however, she

jointly submitted a Stipulation and Order dismissing the lawsuit pursuant to Federal Rule of Civil Procedure 41(a) in order to pursue relief pursuant to the *Padro* settlement. Once Paul's disability claim was positively decided after rehearing, her attorney applied for attorneys' fees under the EAJA. Relying on the Supreme Court's reasoning in *Buckhannon*, this court denied the fee request because Paul was not a "prevailing party" in the federal action, for purposes of the statute. *See id.* at * 3. That reasoning is applicable here.

In *Buckhannon*, the Supreme Court gave two examples of the types of relief sufficient to justify the award of attorneys' fees: enforceable judgments on the merits and court-ordered consent decrees. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). Contrarily, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. As such, non-dispositive victories, such as the parties' private settlement agreements or an intervening legislative action, lack the necessary judicial imprimatur. *Id.* at 604-05.

Here, the parties' jointly-signed Stipulation and Order of Dismissal clearly lacks the necessary judicial imprimatur to permit the award of attorneys' fees. *See e.g. Torres v. Walker*, 356 F.3d 238, 244 (2d Cir. 2004) ("[W]e conclude that the 'so-ordered' stipulation of dismissal in this case does not carry with it a 'sufficient judicial

imprimatur' to warrant treatment as a monetary judgment for the purposes of the PRLA."). Hill successfully appealed her disability determination upon rehearing at the agency–it was not "before" the federal court. *See Parrish*, 698 F.3d at 1220.

Moreover, the *Padro* settlement left no ambiguity as to what attorneys' fees were allowed under the settlement. The settlement specifically provides that:

> The parties agree that the amount of $125,000 will be paid to Plaintiffs' counsel the Urban Justice Center, as attorney fees. Those funds are the only funds to be paid by the Commissioner and/or the United States under this Settlement Agreement and/or otherrwise in connection with this action (aside from any payments made to cover the costs associated with [providing notice to class members potentially elgible for relief]).

*See* Settlement Agreement § XIX.A, *See Padro*, 11-cv-1788 (E.D.N.Y. Oct. 18, 2013).

Because Hill cannot establish that this court rendered a judgment favorable to her, she is ineligible for an award of attorneys' fees. *See* 42 U.S.C. §406(a); *cf. Paul v. Colvin*, 2014 WL 7338920 at *3.

## IV.

For the foregoing reasons, Hill's motion for attorneys' fees is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 17, 2016

1